IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROY DON ROBERTSON,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CAMMRON WILLIAMS et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:12-CV-834-DN<br><br>District Judge David Nuffer |

　　　　Plaintiff/inmate, Roy Don Robertson, filed a civil rights complaint against Defendant Cammron Williams and others.[1] Robertson applies to proceed *in forma pauperis*. As discussed below, the Court concludes that Robertson must pay the filing fee before this case can proceed.

　　　　The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[2] But, it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2012).

[3] *Id.* § 1915 (g).

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

This Court has, in the past, dismissed one of Robertson's cases because he had "filed several previous civil rights actions with the federal courts, several of which have been dismissed as frivolous or failing to state a claim."[5]

Section 1915(g) applies here because (1) Robertson was a prisoner when he filed this complaint; (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous or failing to state a claim; and (3) his allegations do not fall within the exception to 1915(g).  The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

**ORDER**

Robertson is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous or failing to state a claim. Therefore, Robertson is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

August 31st, 2010.

BY THE COURT:

_____
DAVID NUFFER
United States District Judge

---

[5] *Robertson v. Johansen*, No. 2:04-CV-465 TS (D. Utah July 16, 2004).